ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAGDA FIRESTONE, | ) | CASE NO. 5:09-CV-2289 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | [RESOLVING DOCS. 16, 18, AND 19] |

On February 22, 2010, *pro se* Plaintiff Magda Firestone filed an Amended Complaint (Doc. 14) against defendants CitiMortgage, Inc., Gregory D. Brunton, Angela D. Marshall, and Manley Deas Kochalski, LLC. The next day, she filed a "clearified" copy of the pleading. *See* Doc. 15. Currently pending before the Court are the Motions to Dismiss of each defendant pursuant to Fed. R. Civ. P. 12(b)(6). Docs. 16, 18, and 19. Having reviewed the pleadings, briefs, and applicable law, the Court hereby GRANTS each of the pending motions. Plaintiff's amended complaint is hereby DISMISSED for failure to state claims upon which relief can be granted.

**I.      Factual and Procedural Background**

The above-entitled action stems from a foreclosure which was originally filed against Plaintiff Magda Firestone and Steve Firestone, now deceased, (collectively "the Firestones") in the Summit County Court of Common Pleas. *See* Doc. 19-45. The Firestones executed a mortgage on June 28, 2001 for the property on 1170 West Exchange Street, Akron, Ohio 44313.

1

*See* Doc. 19-45 at 6-20. CitiMortgage, Inc. ("CitiMortgage") filed a Complaint for Foreclosure after the Firestones failed to make payments on the property as required under the terms of a promissory note. Magda Firestone ("Plaintiff" or "Mrs. Firestone") asserted several counterclaims against CitiMortgage in response to the initial foreclosure action. *See* Doc. 19-29. Mrs. Firestone claimed that the fraudulent misrepresentations made to her by CitiMortgage resulted in violations of the Fair Debt Collection Practices Act, the RESPA, her inherent rights, her God given rights, her federal constitutional rights, and her state constitutional rights. *Id*. The counterclaims were dismissed after Mrs. Firestone failed to respond to CitiMortgage's Motion for Summary Judgment. *See* Doc. 19-8.

Mrs. Firestone filed her Complaint in the case at bar on October 5, 2009. Doc. 1. Defendants CitiMortgage and Gregory D. Brunton ("Brunton") filed Motions to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docs. 5 and 6. Plaintiff subsequently filed a Motion for Leave to Amend Complaint. Doc. 8. This Court granted Plaintiff leave to file an amended complaint in that she had the right to do so pursuant to Fed. R. Civ. P. 15(a)(1)(A). Doc. 13. That Order directed Plaintiff to set out the facts that support each claim with a description of the "who, what, when, where, and how" of the events at issue. *Id*. at 2.

Plaintiff filed her Amended Complaint in February 2010. Doc. 14. Mrs. Firestone appears to be claiming violations of the Fair Debt Collection Practices Act (*Id*. at ¶ 7), the Civil Rights Act (*Id*. at ¶22), Title III of the Patriot Act (*Id*. at ¶ 23), Section 4 of the Clayton Act (*Id.* at ¶ 24), R.I.C.O (*Id*. at ¶ 25), the Hobbes Act (*Id*. at ¶ 37), and fraud (*Id*. at ¶ 49). Defendants CitiMortgage, Brunton, Angela D. Marshall, and Manley Deas Kolchalski LLC have all moved

to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docs. 16, 18, and 19.

## II.     Legal Pleading Standard

As the Court of Appeals for the Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id.* at 548.

Moreover, if an allegation is capable of more than one inference, the court must construe it in favor of the plaintiff. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.* However, while this is a liberal standard of review, the plaintiff must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must allege "either direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*

3

Fed. R. Civ. P. 12(d) provides that a motion pursuant to Rule 12(b)(6) must be treated as one for summary judgment under Rule 56 if matters outside the pleadings are considered. However, a court may consider "(1) any document attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice" without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Dobrski v. Ford Motor Co.*, No. 09-CV-963, 2010 WL 1007822 (N.D. Ohio March 16, 2010) (citing *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009)); *see also Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment).

Pleadings of *pro se* plaintiffs are held to less stringent standards than similar pleadings drafted by attorneys and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). For instance, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003) (quoting M*organ v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**III.    Legal Analysis**

On February 3, 2010, the Court granted Mrs. Firestone leave to amend her complaint. Doc. 13. In that order, the Court required that the Amended Complaint set out the facts that

4

support each claim with a description of the "who, what, when, where, and how" of the events at issue. *Id*. at 2. The Amended Complaint clearly falls short of fulfilling these requirements. In particular, the requirements of Fed. R. Civ. P. 8(a)(2) have not been met. Moreover, the Amended Complaint violates the *Rooker-Feldman* doctrine and is barred by *res judicata*. Finally, the Court may consider documents outside of the complaint without converting the 12(b)(6) motions into a motion for summary judgment under Rule 56.

**A.** ***The Court may consider documents outside the Complaint without converting this 12(b)(6) motion into a motion for summary judgment under Rule 56.***

The Court may consider documents outside the Amended Complaint without converting the motions into ones for summary judgment. The state court proceedings (Docs. 19-45, 19-8) are matters of which the Court may take judicial notice. *Buck*, 597 F.3d at 816. Moreover, because the order issued by this Court allowing Plaintiff leave to file an amended complaint (Doc. 13) is a matter of general public record, it may also be considered herein. *Dobrski*, 2010 WL 1007822, at *4 (citing *Whittiker*, 605 F.Supp.2d at 924-25). Therefore, the motions pursuant to Rule 12(b)(6) need not be treated as ones for summary judgment under Rule 56 merely because matters outside the pleadings are considered.

**B.** ***Rule 8(a)(2) Requirements***

All defendants argue that the requirements of Fed. R. Civ. P. 8(a)(2), as well as the standard detailed by the *Ashcroft* Court, have not been met. Rule 12(b)(6) is read in conjunction with Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-

5

harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)).

The *Ashcroft* Court went on to articulate a two-step analysis for assessing the sufficiency of a complaint. First, any conclusory allegations shall be identified and dismissed. *Id*. "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Id*. Second, the court shall determine whether the claim for relief is facially plausible. *Id*. This standard requires the pleader to set forth "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that offers no more than conclusions is not entitled to the assumption of truth. *Id*. at 1950.

The claims asserted by Plaintiff in this case are insufficient under both Rule 8(a)(2) and the standard articulated in *Ashcroft* and, therefore, cannot survive a Rule 12(b)(6) motion. The Amended Complaint is merely a collection of conclusory statements. For instance, Mrs. Firestone alleges, without any factual support, that Defendants have violated Title III of the Patriot Act (Doc. 14 at ¶ 23), Section 4 of the Clayton Act (*Id.* at ¶ 24), and the Hobbes Act (*Id.* at ¶ 37). Moreover, Mrs. Firestone has failed to plead the elements of fraud with the particularity required by law. *See Gaines v. Preterm-Cleveland, Inc*., 33 Ohio St.3d 54, 55 (1987).

The Amended Complaint also lacks the who, what, when, where, and how description required by the Court. *See* Doc. 13. Plaintiff has identified Defendants as a, b, c, and d without specifying the name to which the alpha identifier should correlate. *See* Doc. 14 at ¶ 5. Nor are any claims directed at a particular defendant. Moreover, the only dates identified in the Amended Complaint are those on which the initial foreclosure complaint and alleged fraudulent Praecipe for Default Judgment to Cause Sale of Real Property were filed. *Id*. at ¶ 10. The what, where,

and how of Mrs. Firestone's claims are similarly deficient.

Even if the Amended Complaint were construed in a liberal manner and allowed the strongest arguments that it could suggest, this matter cannot be saved from dismissal. Accordingly, each of her claims must be dismissed.

### C.   The Rooker-Feldman Doctrine

Defendants CitiMortgage and Brunton also allege that, to the extent that Mrs. Firestone is attempting to challenge the ruling of the state court foreclosure action, she cannot do so in this Court. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing her case in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The Sixth Circuit has applied two elements to a *Rooker-Feldman* analysis. First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. Second, the *Rooker-Feldman* doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

In the present action, Mrs. Firestone's claims stem from the foreclosure action which was filed in the Summit County Court of Common Pleas. *See* Doc. 19-45. Plaintiff now asserts many of the same claims as were dismissed by summary judgment in state court, including violations of the Fair Debt Collection Practices Act and fraud. *See* Doc. 19-8. Moreover, all allegations that Plaintiff asserts in her Amended Complaint stem from events that were litigated in the state court proceedings. Therefore, the claims which Plaintiff has presented in this action are inextricably intertwined with the claims asserted in the state court proceedings. Accordingly, this Court lacks subject matter jurisdiction to conduct a review on such issues or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

### D.     *Res Judicata*

As asserted by Defendants CitiMortgage and Brunton, to the extent that Mrs. Firestone has filed this action seeking to litigate this matter anew, she is barred from doing so. Federal courts must give state court judgments the same preclusive effect they would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *Nat'l Amusement, Inc. v. Springdale*, 53

Ohio St.3d 60, 62 (Ohio 1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action s/he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

As aforementioned, Mrs. Firestone claimed violations of the Fair Debt Collection Practices Act and fraud in both the state foreclosure action and the present Amended Complaint. The final judgment issued in the initial foreclosure action shall be conclusive as to all claims which were litigated therein. This Court is bound to give full faith and credit to the decisions of the state court. Therefore, Mrs. Firestone is precluded from raising these claims in federal court.

## IV. Conclusion

For all the foregoing reasons, the pending motions to dismiss are GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| June 29, 2010 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |